CARTER, Judge.
We have carefully reviewed the record in this ease and conclude that it contains no ground for reversal or modification of the trial court’s judgment.
In Lirette v. State Farm Insurance Company, 563 So.2d 850, 852-53 (La.1990), the Louisiana Supreme Court, in reversing an appellate court decision, stated:
It is well settled that a court of appeal may not set aside a finding of fact by a trial court or a jury in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon'review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. (Citations omitted.)
See also Theriot v. Lasseigne, 93-2661 (La. 7/5/94); 640 So.2d 1305, 1313; Stobart v. *243 State, Department of Transportation and Development, 617 So.2d 880, 882-83 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Because we find that the trial court was not manifestly erroneous and that it correctly applied the law to the facts in this case, we conclude that the judgment of the trial court should be affirmed.
For the above reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.